UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.  22-CR-120 (JLS) (MJR)

ROBERTO MORALES SANCHEZ,

    Defendant.
_____

## DECISION AND ORDER

Defendant Roberto Morales Sanchez is charged in three counts of a six-count indictment with offenses related to controlled substances. Dkt. 1. In particular, Morales Sanchez is charged with conspiring: (1) to possess with intent to distribute, and to distribute, specified quantities of mixtures and substances containing heroin and fentanyl, as well as methamphetamine; (2) to possess with intent to distribute, and to distribute, controlled substances, resulting in serious bodily injury to A.R.; and (3) to use and maintain a place to manufacture, distribute, and use heroin, methamphetamine, and fentanyl. *Id.* at Count 1. He also is charged with using and maintaining two premises in Jamestown, New York, to manufacture, distribute, and use heroin, fentanyl, and methamphetamine during specified time periods. *Id.* at Counts 2 & 3.

## BACKGROUND

United States Magistrate Judge Michael J. Roemer was designated to hear and determine, and report and recommend on, all pre-trial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B). Dkt. 3.

As relevant here,[1] Morales Sanchez moved to suppress evidence seized from a search of his residence, vehicle, person, and electronic devices; for an order directing the Government to produce all *Brady* and *Giglio* material; and for disclosure of information related to informants. *See* Dkt. 38. The Government responded in opposition, attaching the state search warrant applications upon which Morales Sanchez's suppression motion is based. Dkt. 72; Dkt. 73. Judge Roemer heard oral argument on those motions. Dkt. 84.

Morales Sanchez then supplemented his omnibus motion, with permission, and submitted an affidavit of standing regarding the residence, vehicle, and electronic devices underlying his suppression motion. Dkt. 98; *see also* Dkt. 90 (granting permission to file late motion). The Government opposed Morales Sanchez's supplemental motion. Dkt. 99.

On May 5, 2023, Judge Roemer issued a Report, Recommendation and Order ("RR&O") addressing Morales Sanchez's pre-trial motions, which included a recommendation on the suppression motion and orders on the remaining, non-dispositive motions. Dkt. 102. As relevant here, Judge Roemer recommended denying the motion to suppress, in its entirety, because: (1) the state search warrants established probable cause to search Morales Sanchez's residence, vehicle, and person; (2) because Morales Sanchez did not establish that he was entitled to a

---

[1] Morales Sanchez moved for other relief related to discovery and admissibility of evidence. Because Judge Roemer resolved those non-dispositive motions, and because Morales Sanchez does not object to Judge Roemer's orders on those motions, the Court does not address them here.

hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978); (3) the state search warrants were neither overbroad nor lacking in particularity; and (4) if necessary, the good-faith exception would apply, making suppression inappropriate. Dkt. 102, at 3–16. Judge Roemer also denied Morales Sanchez's motion to compel production of *Brady* and *Giglio* material (and for sanctions for purported failure to comply with the Court's *Brady* disclosure order), and for disclosure of informant information and statements. *Id.* at 19–23, 28–29.

Morales Sanchez objected to the RR&O.[2] Dkt. 108. He argues that the RR&O improperly denied his suppression motion because the search warrants: (1) were overly broad based on the descriptions of the requested items and lack of nexus between allegations in the complaint and allegations of illegal activity at the residence;[3] and (2) contained a material omission—*e.g.*, that the affiant had no knowledge of contraband—which required a *Franks* hearing and precluded application of the good-faith exception. *Id.* at 4–6. Morales Sanchez also objected to the order denying his motion for an order to produce *Brady* and *Giglio* material and the order denying disclosure of informant identities and statements. *Id.* at 7. The Government responded in opposition. Dkt. 118. Morales Sanchez did not reply.

---

[2] The Court granted both parties' unopposed requests for extensions of time regarding briefing on objections. *See* Dkt. 104; Dkt. 116.

[3] Morales Sanchez focuses this overbreadth argument on his electronic devices. *See* Dkt. 108, at 5. But the Government apparently did not search the cell phones and, therefore, will not seek to use any evidence contained on the cell phones against Morales Sanchez at trial. Dkt. 102, at 14 n.7. Morales Sanchez does not appear to dispute this representation from the Government and does not offer any facts to the contrary.

3

## DISCUSSION

Different standards of review apply to Morales Sanchez's motions.

### I. Suppression Motion

On dispositive motions, a district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). A district court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). But a district court need not review the recommendation of a magistrate judge to which no party objects. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

*De novo* review applies to Morales Sanchez's objection to the recommendation that this Court deny his suppression motion. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). This Court carefully reviewed Judge Roemer's recommendation and the relevant record. Based on that review, the Court accepts and adopts Judge Roemer's recommendation to deny Morales Sanchez's suppression motion.

### II. Motions for Disclosure of *Brady/Giglio* Material & Informant Identities

On the other hand, a district court may reverse a magistrate judge's decision and order on a non-dispositive motion that is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). A finding is "clearly erroneous only if 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Atl. Specialty Ins. Co. v. Coastal Env't Grp. Inc.*, 945 F.3d 53, 63 (2d Cir. 2019) (citations omitted). A

4

magistrate judge's ruling is "contrary to law" if it fails to apply or misapplies relevant statutes, case law, or rules of procedure. *See, e.g., In re Hulley Enters. Ltd.*, 400 F. Supp. 3d 62, 70 (S.D.N.Y. 2019) (citations omitted).

The clearly erroneous/contrary to law standard applies to Morales Sanchez's objection to Judge Roemer's orders regarding disclosure of *Brady/Giglio* material and informant identities and statements. *See* 28 U.S.C. § 636(b)(1)(A). After reviewing Judge Roemer's orders on these non-dispositive motions and the relevant record, the Court concludes that the denials were not "clearly erroneous or contrary to law." *See* 28 U.S.C. § 636(b)(1)(A). The Court therefore affirms Judge Roemer's orders on these motions.

## CONCLUSION

For the reasons above and in the RR&O, the Court:

- Accepts and adopts the recommendation and order in the RR&O (Dkt. 102); and

- Denies Morales Sanchez's suppression motion, motion for disclosure of *Brady* and *Giglio* material, and motion for disclosure of information identities and statements (Dkt. 38; Dkt. 98).

SO ORDERED.

Dated:   August 16, 2023
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE